Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000724
30-SEP-2015
10:27 AM

CAAP-12-0000724

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
HERBERT BROWN, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR NO. 03-1-0926)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Reifurth, JJ.)

The Circuit Court of the First Circuit (Circuit Court)[1] resentenced Defendant-Appellant Herbert Brown (Brown) to consecutive extended terms of imprisonment after an extended-term eligibility trial. On appeal, Brown argues that: (1) the Circuit Court plainly erred in sentencing him to extended terms of imprisonment because he claims that the extended-term statute in effect at the time of his charged offenses was void *ab initio*; (2) the Circuit Court erred in conducting jury selection for the extended-term eligibility trial; and (3) at the extended-term eligibility trial, the Circuit Court erred in admitting Brown's judgment of conviction, which Brown claims was void, to prove that he was convicted of the charged offenses. We affirm.

_____

[1] The Honorable Steven S. Alm presided.

I.

A.

Plaintiff-Appellant State of Hawai'i (State) charged Brown with nine counts of third-degree sexual assault for subjecting to sexual contact a minor under fourteen years old. There were three complaining witnesses, Minor 1, Minor 2, and Minor 3. Counts 3 through 9, which involved Minor 3, were dismissed without prejudice, and the State proceeded to trial on the charges involving Minor 1 (Count 1) and Minor 2 (Count 2).

After a jury trial, Brown was found guilty as charged on Counts 1 and 2. The State filed a motion for extended terms of imprisonment on the grounds that Brown was a "persistent offender" and "multiple offender," whose imprisonment for extended terms was necessary for the protection of the public. See Hawaii Revised Statutes (HRS) §§ 706-661, -662(1), -662(4)(a) (Supp. 2001). The Circuit Court granted the State's motion, and it sentenced Brown to extended ten-year terms of imprisonment on Counts 1 and 2 to be served consecutively, for a total of twenty years of imprisonment. The Circuit Court entered its original Judgment on September 27, 2004.

B.

Brown filed a direct appeal of his convictions and sentence. On September 26, 2005, the Hawai'i Supreme Court issued a Summary Disposition Order, which affirmed Brown's convictions and sentence. State v. Brown, No. 26911, 2005 WL 2338855 (Hawai'i Sept. 26, 2005). Among the arguments considered and rejected by the supreme court was Brown's claim that Hawai'i's extended-term sentencing scheme violated the Sixth Amendment to the United States Constitution. Id., 2005 WL 2338855, at *1-2.

Brown thereafter filed a petition for writ of habeas corpus in the United State District Court for the District of Hawaii (Federal District Court). Brown asserted in his petition that his extended-term sentence "violated the Sixth Amendment's trial-by-jury clause . . . , pursuant to the rationale of

2

Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny." The Federal District Court concluded that Brown's extended-term sentencing violated Apprendi, granted Brown's petition, and ordered that Brown be resentenced.

C.

The State sought to resentence Brown to extended terms of imprisonment. The Circuit Court empaneled a jury to determine whether Brown was eligible for extended terms and held an extended-term eligibility trial. The purpose of this trial was to have the jury determine whether it found, beyond a reasonable doubt, the facts necessary for the imposition of extended terms of imprisonment against Brown. At the conclusion of the trial, the jury found that the State had proven beyond a reasonable doubt the facts necessary to impose extended terms of imprisonment against Brown as both a persistent offender and a multiple offender on Count 1 and Count 2. The Circuit Court subsequently resentenced Brown to extended ten-year terms of imprisonment on Counts 1 and 2 to be served consecutively to each other. The Circuit Court filed its Amended Judgment on August 3, 2012, and this appeal followed.

II.

We resolve Brown's arguments on appeal as follows.

A.

Citing State v. Maugaotega, 115 Hawai'i 432, 168 P.3d 562 (2007) (Maugaotega II), Brown contends that the extended-term statute in effect at the time of the offenses charged in Counts 1 and 2 was void ab initio. Based on this premise, he argues as follows: (1) because the extended-term statute in effect was void ab initio, there was no statute in existence which authorized the Circuit Court to impose extended terms of imprisonment when it originally sentenced Brown; (2) the Circuit Court's original extended-term sentence should therefore be viewed as an ordinary-term sentence; and (3) if his original sentence is viewed as an ordinary-term sentence, his current extended-term sentence is

3

harsher than his original sentence (for the same conduct), which Brown asserts constitutes a violation of his due process rights.

Brown's argument is based on a false premise -- that the extended-term statute in effect at the time of the offenses charged in Counts 1 and 2 was void *ab initio* -- and therefore his argument fails. As cases decided after Maugaotega II by the Hawai'i Supreme Court and this court have made clear, the extended-term statute in effect at the time of the offenses charged in Counts 1 and 2 was not void *ab initio*. See State v. Jess, 117 Hawaii 381, 386-89, 406-15, 184 P.3d 133, 138-41, 158-67 (2008); State v. Mark, 123 Hawai'i 205, 248-50, 231 P.3d 478, 521-23 (2010); State v. Cutsinger, 118 Hawai'i 68, 79-82, 185 P.3d 816, 827-830 (App. 2008), overruled in part on other grounds by Jess, 117 Hawai'i at 398 n.17, 184 P.3d at 150 n.17; Gomes v. State, No. 30617, 2011 WL 2438768, at *1-2 (Hawai'i App. June 6, 2011) (SDO). Thus, the Circuit Court had a statutory basis for imposing extended terms of imprisonment when it imposed Brown's original sentence. Brown's current extended-term sentence is not harsher than his original sentence, and the Circuit Court's resentencing did not violate Brown's due process rights.

Brown's claim that the Circuit Court could not resentence him to extended terms of imprisonment after his original extended-term sentence was set aside by the Federal District Court is also refuted by cases authorizing extended-term resentencing in the aftermath of the Legislature's 2007 amendments to Hawai'i's extended-term sentencing scheme. See Jess, 117 Hawaii at 386-89, 406-15, 184 P.3d at 138-41, 158-67; Mark, 123 Hawai'i at 248-50, 231 P.3d at 521-23; Cutsinger, 118 Hawai'i at 79-82, 185 P.3d at 827-830. During the Second Special Session of 2007, the Legislature amended Hawai'i's extended-term sentencing scheme for the purpose of ensuring "that the procedures used to impose extended terms of imprisonment comply with the requirements set forth by the United States Supreme Court and Hawaii supreme court." 2007 Haw. Sess. L., Second

Special Session, Act 1 (Act 1), § 1 at 2. Among other things, Act 1 provides defendants with the right to have a jury find the facts necessary for the imposition of an extended term of imprisonment, under a beyond a reasonable doubt standard, before the court may impose an extended term. Id. at § 4 at 4. Act 1 applies retroactively and "[a] defendant whose extended term of imprisonment is set aside or invalidated shall be resentenced pursuant to [Act 1] upon request of the prosecutor." Id. at § 5 at 4. The Hawai'i Supreme Court has upheld the constitutionality of the retroactive application of Act 1 to defendants like Brown, whose offenses were committed before the enactment of Act 1. See Jess, 117 Hawaii at 413-15, 184 P.3d at 165-67; Mark, 123 Hawai'i at 248-50, 231 P.3d at 521-23.[2/]

B.

Brown contends that the Circuit Court erred in conducting jury selection for the extended-term eligibility trial. In particular, he contends that the voir dire questions asked by the Circuit Court were insufficient to enable him (and the Circuit Court) to competently determine whether a juror should be excused for cause and to enable him to intelligently exercise peremptory challenges. We are not persuaded by Brown's arguments.

The Circuit Court gave Brown ample opportunity to ask his own voir dire questions to the prospective jurors. Indeed, Brown does not contend that his ability to voir dire the prospective jurors was restricted. Thus, to the extent that Brown believed the Circuit Court's questions were inadequate,

---

[2/] In his points of error, Brown appears to raise a claim that Act 1 is unconstitutionally vague. However, Brown waived this claim by failing to present any argument to support it. See Hawai'i Rules of Appellate Procedure Rule 28(b)(7) (2010) ("Points not argued may be deemed waived.") In any event, Brown's claim that requiring a finding that an extended term "is necessary for the protection of the public" renders the extended-term statute unconstitutionally vague has been directly refuted by the Hawai'i Supreme Court. State v. Huelsman, 60 Haw. 71, 89-91, 588 P.2d 394, 405-07 (1978) (holding that a vagueness challenge to the former "multiple offender" extended-term provision would be overcome by construing the provision to require a finding that the extended term is "necessary for protection of the public").

5

Brown was given the opportunity to ask the questions he believed were necessary to enable him and the Circuit Court to competently determine whether a juror should be excused for cause and to enable him to intelligently exercise his peremptory challenges. See State v. Altergott, 57 Haw. 492, 495, 559 P.2d 728, 731-32 (1977) (indicating that the trial court can protect a defendant's right to an impartial jury by making or *permitting* sufficient inquiry into the possible prejudices of prospective jurors).

A trial court has broad discretion in conducting jury selection. See id. at 499-500, 559 P.2d at 734. The Circuit Court conducted jury selection for the extended-term eligibility trial in much the same manner as jury selection for a trial on the underlying charges. Although the Circuit Court could have more closely tailored its questions to extended-term eligibility, it appears that the jury selection for Brown was not materially different than one conducted in a case where the same jury is used to determine both guilt on the underlying charges and extended-term eligibility. In addition, Brown does not challenge the Circuit Court's final instructions to the jury before the jury's deliberations, during which the Circuit Court instructed the jury that it must presume that Brown was ineligible for extended-term sentencing and that the State must prove Brown's eligibility for extended-term sentencing beyond a reasonable doubt. Under these circumstances, we conclude that Brown fails to demonstrate that the Circuit Court committed prejudicial error in conducting jury selection.

C.

We reject Brown's contention that the Circuit Court erred in admitting Brown's judgment of conviction to prove that he was convicted of the charged offenses. Brown's claim of error is premised on his assumption that the Federal District Court's decision to set aside his extended-term sentence meant that his underlying convictions were void. Brown then reasons that because his convictions were void, the State could not use the judgment of conviction to prove that he had already been

6

convicted of the underlying charges, but rather the State was required to again prove at the extending-term eligibility trial that he was guilty of the underlying charges.

Brown's premise that the Federal District Court's decision voided his convictions is erroneous. The Federal District Court did not vacate Brown's convictions, which had been affirmed by the Hawaiʻi Supreme Court, but only set aside Brown's original extended-term sentence and ordered that he be resentenced. Brown was resentenced pursuant to Act 1, which applies to situations like Brown's where an extended term of imprisonment is set aside or invalidated, and in resentencing Brown pursuant to Act 1, the State was not required to again prove Brown's guilt of the charged offenses. See Act 1, § 5; HRS §§ 706-661, -662, -664 (2014); Jess, 117 Hawaii at 413-15, 184 P.3d at 165-67; Mark, 123 Hawaiʻi at 248-50, 231 P.3d at 521-23. Brown's convictions for the charged offenses were not void, and accordingly, the Circuit Court did not err in admitting, at the extended-term eligibility trial, Brown's judgment of conviction to prove that he had been convicted of the charged offenses.

III.

Based on the foregoing, we affirm the Circuit Court's Amended Judgment.

DATED: Honolulu, Hawaiʻi, September 30, 2015.

On the briefs:

William H. Jameson, Jr.
For Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*Clemae R. Foley*
Associate Judge

*Lawrence M Reifurth*
Associate Judge

7